JOHN LANGWORTHY v. THE NEW YORK AND HARLEM RAIL-
ROAD COMPANY.

A private arrangement between a railroad company and an express company, for the transportation of light freight, will not relieve the railroad company from liability, as a common carrier, for packages received on the cars from persons having no notice of the arrangement.

It is immaterial whether the article was given at the cars to the agent of the express company, or to a baggage master or other agent of the railroad company.

The owner of a package carried is not entitled to the delivery thereof until freight is paid or tendered.

A demand and tender to a man appearing at the freight office, who refers the plaintiff to others, and whose employment by the company is wholly unproved, is not sufficient.

THE plaintiff, in his own right and as assignee of the interest of one Watson, sued the New York and Harlem Railroad Company, in the Marine Court, for the value of a package of artificial flowers. The company had an arrangement with Dudley's Express Company for the transportation of light freight on passenger trains, and each train was accompanied by an agent of the express company. Without notice of the arrangement, the package was delivered at the cars—whether to that agent or to the railroad baggage master was not clearly settled by the testimony. At the place of destination, delivery was withheld by reason of a refusal to pay the freight demanded. The plaintiff's agent afterwards demanded the package—with tender of charges—from a man who appeared at the railroad freight office, of whose connection with the defendants no proof was given, but who referred him to other persons.

Judgment for the defendants. The plaintiff appealed.

*Thomas J. Sparks*, for the appellant.

*Chas. W. Sandford*, for the respondents.

BY THE COURT. INGRAHAM, FIRST J.—Whether the goods were delivered to an agent of the defendants, or to an agent of the express company, is immaterial. They were placed on board the baggage car for transportation, and the defendants were bound to deliver them at the place of destination. Any private arrangement between the defendants and Dudley would not relieve them from the liability of carriers. Had it appeared that the goods were in the possession of Dudley at the end of the route, and the plaintiff was so notified, it might be different.

But the plaintiff had no right to maintain this action for this non-delivery. He refused to pay the freight, and it was not until after the cars had started that he expressed a willingness so to do. It was then too late to receive pay and deliver the boxes.

Has there been since a proper demand of the goods, with a tender of the freight charged? An agent of the plaintiff called on the president, with Watson, for the goods. The president referred him to the vice-president. They went to the vice-president, and demanded the goods, who promised to see about it. A tender of freight to either of these parties, and demand of the goods, would have relieved the case from difficulty. The subsequent tender made by Sparks was to a man whom he did not know—whether a person in the employ of the company or not, is uncertain. Such a demand and tender was insufficient.

The difficulty in which the owner of the goods was placed arose from his own act, in not paying the freight and giving the proper notice as to the place of destination.

The judgment must be affirmed.